IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FALASHA ALI,**

    Petitioner,

    v.                                                                                  **CASE NO. 17-3227-JWL**

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action for the following reasons.

**Background**

Petitioner was sentenced by Judge Roger L. Hunt in the U.S. District Court for the District of Nevada on October 2, 2008, after pleading guilty on May 28, 2008. *USA v. Ali*, Case No. 2:06-cr-00160-APG-RJJ (D. Nev.) (Docs. 63, 68). Petitioner appealed the judgment on October 8, 2008, and the Ninth Circuit Court of Appeals dismissed the appeal "in light of the valid appeal waiver" on June 2, 2009. *Id*. at Docs. 72, 84. On June 2, 2010, Petitioner filed a motion under § 2255. *Id*. at Doc. 95. Judge Hunt denied the § 2255 motion on November 17, 2010. *Id*. at Doc. 106. Petitioner appealed the dismissal of his § 2255 motion, and the Ninth Circuit Court of Appeals denied his request for a certificate of appealability on December 20, 2011. *Id*. at 114. Petitioner filed a motion to set aside judgment, which was denied by Judge Hunt, and affirmed by

the Ninth Circuit.  *Id*. at Doc. 135.[1]

In his unsuccessful § 2255 motion, Petitioner "raised 19 issues related to Ineffective Assistance of Counsel, and the fact [he] was not competent to enter a plea after being forced to remain in 'solitary confinement' for almost two years, nearly 24 hours a day, while suffering from schizophrenia."  (Doc. 1, at 4.)  In this action, Petitioner challenges the validity of his sentence as imposed.  Petitioner claims actual innocence; ineffective assistance of counsel; his guilty plea was not knowingly, voluntarily and intelligently entered into; and cumulative trial errors.  Petitioner alleges that the remedy under § 2255 is inadequate "because in 2011 Petitioner filed a judicial misconduct complaint . . . against sentencing judge Roger L. Hunt who was finally recused from [his] federal case in 2016."  (Doc. 1, at 5.)

**Analysis**

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed.  *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).  This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved.  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).  However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

---

[1] On June 21, 2016, Petitioner filed an application to file a second or successive motion under § 2255(h), based on *Johnson v. United States*, 135 S. Ct. 2251 (2015).  *Id*. at 161.  On July 11, 2016, Judge Hunt entered a Recusal Order and the action was reassigned to Judge Andrew P. Gordon.  *Id*. at Docs. 154, 155.  Judge Gordon denied the motion under § 2255 and granted Petitioner's request for a certificate of appealability.  *Id*. at 165.  Petitioner filed a notice of appeal (Doc. 169), and the appeal appears to be still pending.

Petitioner has not shown a compelling reason that might justify the use of § 2241 to test the legality of his confinement.  "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed."  *Sines*, 609 F.3d at 1073.  A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions."  *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

Petitioner suggests that his remedy under § 2255 is inadequate because the sentencing judge, Judge Roger L. Hunt, was biased and did not recuse until 2016.  Courts have held that a petitioner's suggestion of judicial bias is not sufficient to find that § 2255 is inadequate or ineffective to test the legality of a petitioner's detention.

In *Kapordelis v. Fox*, petitioner invoked the saving clause in § 2255(e), arguing that his initial § 2255 proceedings were inadequate or ineffective to test the legality of his conviction and sentence "because the district judge who presided over his § 2255 proceedings was biased against him and refused to rule on a recusal motion filed by Kapordelis."  *Kapordelis v. Fox*, 2017 WL 3867809, at *2 (10th Cir. Sept. 5, 2017) (unpublished decision).  The Tenth Circuit noted that "the circumstances described in § 2255(e) are extremely limited" and it is "the prisoner's burden to show that these conditions . . . apply to his case."  *Id*. at *3 (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011)).  The Tenth

Circuit stated that:

> In *Prost*, we held that "[t]he relevant metric or measure" in applying the savings clause of § 2255(e) "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." 636 F.3d at 584. "If a petitioner's argument challenging the legality of his detention could've been *tested* in a § 2255 motion, the clause is satisfied." *Id*. (emphasis in original). "In this way, the clause is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Id*. (emphasis in original). In other words, "[t]he ultimate result may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to test his claim." *Id*. at 585.

*Id*.

The Tenth Circuit rejected Kapordelis's attempt to rely on the savings clause, finding that he was not deprived of the adequate and effective opportunity to test the legality of his detention in his initial § 2255 motion, where he had raised the bias claims in a prior § 2241 action and in his § 2255 proceeding, and the Eleventh Circuit affirmed his conviction and sentence on direct appeal. *Id*.; *see also Meltcalf v. Masters*, 2015 WL 5031614, at *3 (S.D.W.V. Aug. 6, 2015) ("The fact that these claims were unsuccessfully raised in the petitioner's prior federal proceedings, notwithstanding his contentions that the Michigan district court and the Sixth Circuit are 'biased,' is not a sufficient basis upon which to find that section 2255 is 'inadequate' or 'ineffective' to test the legality of the petitioner's detention."), *adopted* 2015 WL 5031557 (S.D.W.V. Aug. 25, 2015), *aff'd* 633 F. App'x 586 (4th Cir. Feb. 26, 2016); *Barnett v. Ebbert*, 535 F. App'x 70, 72 (3rd Cir. 2013) (alleged judicial bias does not render section 2255 inadequate or ineffective and is not a basis for a section 2241 petition)).

In Petitioner's case, it does not appear that he raised the issue by filing a motion for recusal

or otherwise raised the issue in his direct appeal or § 2255 motion.[2]  However, nothing suggests that he did not have the *opportunity* to *test* the claim like the petitioner in *Kapordelis*.   In *Tripati v. Henman*, the Ninth Circuit found that § 2255 was not inadequate or ineffective because of judicial bias where "[a]ppellant has a remedy available by way of a motion for recusal or disqualification of biased judges that would make a section 2255 motion . . . an effective remedy even if his allegations of bias are true and sufficient." 843 F.2d 1160, 1163 (9th Cir. 1988) (citing Rule 4(a) Advisory Committee's Note, 28 U.S.C. foll. § 2255 ("A movant is not without remedy if he feels [that having the trial judge hear his section 2255 motion] is unfair to him.  He can file an affidavit of bias.   And there is the right to appellate review if the trial judge refuses to grant his motion."), *cert. denied* 488 U.S. 982 (1988); *see also Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996) (finding that sentencing court's denial of prior § 2255 motion does not alone establish bias and, even if petitioner's § 2241 petition did established bias, § 2255 would still be adequate because he could have moved to recuse the sentencing judge).

Having considered the Petition and the nature of the claim presented, the Court dismisses this matter.   Petitioner may seek authorization in the U.S. Court of Appeals for the Ninth Circuit to pursue a second or successive application for relief under 28 U.S.C. § 2255 in the district of his conviction.  *See* 28 U.S.C. 2255(h).  Having failed to establish that the remedy provided in § 2255 was inadequate or ineffective, Petitioner may not proceed under § 2241.   Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is dismissed.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 12th day of January, 2018.**

                          **s/ John W. Lungstrum**
                          **JOHN W. LUNGSTRUM**
                          **UNITED STATES DISTRICT JUDGE**

---

[2]  The Court notes that Petitioner asserts that he filed a "judicial misconduct complaint" against Judge Hunt.